ORANGE COUNTY.—HON. R. C. COLEMAN, SURROGATE.—October, 1887.

MATTER OF MILLER.*

*In the matter of the estate of* MARY E. MILLER, *deceased.*

A decree of a Surrogate's court assessing a tax upon the passing of property, under the "collateral inheritance tax act" (L. 1885, ch. 483), is confirmatory of the right of the People of the State, created by the statute, and establishes an additional right—that of recovery—by virtue of itself.

Such a decree cannot be vacated, as having been inadvertently made, upon a motion based on a change in the law effected by a statute passed after the rendering of the decree, and before payment of the tax.

DECEDENT died September 30th, 1886, leaving a will

*Surrogate's order affirmed, 47 *Hun*, 394.

which was admitted to probate by the Surrogate of Orange county in October, 1886. On March 24th, 1887, her executors procured an order from the Surrogate affirming an appraisement and making an assessment of the collateral inheritance tax under L. 1885, ch. 483. Francis Lynch, an adopted son of the testatrix, was a devisee and legatee under the will, whose interest was appraised at the sum of $223,262; and, at the time of this application, the tax had not been paid by the executors to the county treasurer.

After the passage of L. 1887, ch. 713, an application was made to the Surrogate, in behalf of Francis Lynch, to vacate the order of March 24th, 1887, as having been inadvertently made and upon points stated in the brief of petitioner's counsel.

E. L. FANCHER, *for the motion:*

*First.* The Legislature has power to tax, which is exclusive, and unrestrained except by constitutional inhibition. It was competent to pass the act of 1885, and to amend and repeal parts of it by the act of 1887.

*Second.* The latter act amended the former, and repealed all conflicting provisions. No question of contract or vested interest was involved.

*Third.* Section 1 of the earlier act was thus obliterated, and the first section of the later act substituted.

*Fourth.* The design of the act of 1887 was not merely to provide for future cases, but to correct errors and make further exemptions.

*Fifth.* The later statute is retrospective.

*Sixth.* No reservation is contained in the later stat-

ute, whereby a tax, not therein allowed, can, under the earlier, be enforced.

THE SURROGATE.—At the time this order was entered, the law of 1885 was in full force, and there can be no question but that, at that time, the order was properly made,—the legacy being then subject to the tax, and the legatee having had legal notice of the appraisement of the legacy, as appears by the files in this office.

By § 4 of that act, the tax is made due and payable at the death of the decedent, that is, September 30th, 1886.    When the will of the testatrix was admitted to probate and the rights of the legatees therein named were thereby established, then the right of the People of the State of New York to the tax became absolutely vested, and the right related back to the death of the testatrix.    The order confirming the report of the appraisers and assessing the tax, not only determined the amount of the tax, but closed the transaction as between the parties—the people and the legatee, by a decree of a competent court.    This decree was confirmatory of the right given by the statute, and established in the People an additional right of recovery, by virtue of itself.

If the testatrix had died since the passage of the law of 1887, clearly the legacy to this petitioner would not have been subject to this tax.    There is nothing in the act which, in words, released the tax on this legacy, which had become due and payable under the law of 1885.    Did the act of 1887 affect such tax in any way ?

It is claimed, on behalf of the petitioner, that, by the repealing clause of the act of 1887 and the enactment of § 1 of that act, the first section of the law of 1885 was obliterated, and § 1 of the law of 1887 substituted in its place, except as to transactions passed and closed; and that, inasmuch as the executors have not paid over the amount of the tax, that this court should vacate its former order directing the payment, as having been inadvertently and improperly made, because, as he claims, his legacy is not taxable.

I am unable to see how, as to this legacy, the law of 1887 so supersedes the law of 1885, as to discharge a tax which had become due and payable by the latter, or how an order, which was properly made at the time it was made, can afterwards be, by a subsequent change of the law, treated as having been inadvertently and improperly made. The law of 1887, as to the class of persons to which the petitioner belongs, cannot be regarded as construing the law of 1885. It is a change of that law. It is not necessary to consider, now, what the effect of the passage of the law of 1887 has been, upon the provisions for enforcing the payment of the tax; for, whether they remain, or have been repealed, or the provisions of the law of 1887 apply, this does not determine the legality of this order.

The motion of the petitioner will, therefore, be denied.